```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**PHILLIP POOLE,**

      **Plaintiff,**

   vs.                                         **Civil Action 2:12-CV-101**
                                                             **Judge Frost**
                                                             **Magistrate Judge King**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

      **Defendant.**


### OPINION AND ORDER

This action seeks review of the administrative decision denying plaintiff's application for supplemental security income. On February 5, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that the action be dismissed. *Report and Recommendation*, Doc. No. 14. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection to Magistrate[] Judge's Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 15. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease of the lumbar spine with moderate grade I spondylolisthesis at the L4-L5 vertebrae and mild disc bulges at the L2-L3 and L3-L4 vertebrae without stenosis. *PAGEID* 61. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity for sedentary work. *PAGEID* 62. Specifically, the

administrative law judge found that plaintiff could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. *Id*. In addition, plaintiff must have a sit/stand option exercised at his discretion that allows him to stretch his back and there should be no climbing of stairs, ropes, scaffolding, or ladders, kneeling, crouching, crawling, forced pace or quota requirements, or assembly line work; plaintiff can occasionally stoop. *Id*. Relying on the testimony of the vocational expert, the administrative law judge found that plaintiff was able to perform a significant number of jobs in the national economy. *PAGEID* 65. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 66.

In reaching this conclusion, the administrative law judge assigned no weight to the opinion of plaintiff's treating orthopedic surgeon, F. Paul DeGenova, D.O., who opined that plaintiff "is total[ly] disabled unable [sic] to work a day in his life." *PAGEID* 346. Specifically, the administrative law judge characterized this opinion as inconsistent with the objective medical evidence. In his objections, plaintiff argues that the administrative law judge erred in assigning no weight to Dr. DeGenova's opinion of disability. *Plaintiff's Objections*, p. 1.

In rejecting this argument, the Magistrate Judge found that the administrative law judge

> specifically noted that the "objective medical evidence" included findings at the August 2005 consultative examination by Dr. Woskobnick, who recommended a limitation to sedentary activity, *PAGEID* 316-18, and findings at the December 2007

> consultative examination by Dr. Weaver, who recommended a sit/stand option, *PAGEID* 322-30.  *PAGEID* 63.  Indeed, the residual functional capacity found by the administrative law judge incorporated these recommendations.  *See PAGEID* 62.  This Court concludes that the administrative law judge gave good reasons for the weight accorded the opinions of these treating physicians.  *See* 20 C.F.R. § 416.927(d)(2).

*Report and Recommendation*, p. 10. Plaintiff now argues that it was error for the administrative law judge to rely on the opinions of Robert Woskobnick, D.O., and Mark Weaver, M.D., because they – unlike Dr. DeGenova – did not have before them plaintiff's July 1, 2008 MRI.[1] *Plaintiff's Objections*, pp. 1-2.  The July 2008 MRI does not, however, contain any new findings that were not already available to and taken into account by Dr. Woskobnick and Dr. Weaver.  *Compare PAGEID* 347-48 (July 2008 MRI revealing degenerative disc disease and spondylolisthesis at L4-5) *with PAGEID* 354 (October 2004 x-rays documenting unstable spondylolytic spondylolisthesis of L4-5, moderately advanced discogenic spondylosis at L4-5 and L5-S1, marked posterior apophyseal joint arthrosis at L3-S1, intravertebral canal encroachment at L5-S1, and mild discogenic spondylosis at L2-3), *and PAGEID* 316-18 (Dr. Woskobnick's August 1, 2005 opinion acknowledging x-rays that show spondylolisthesis of L4-5 and degenerative changes and diagnosing plaintiff with the same), *and PAGEID* 322-25 (Dr. Weaver's December 17, 2007 opinion acknowledging that he considered plaintiff's October 2004 x-rays).  The administrative law judge therefore did not err in relying on the opinions of Dr. Woskobnick and Dr. Weaver.

---

[1] That MRI documented multi-level degenerative disc disease, most prominent at L4-5 and L5-S1, moderate grade I spondylolisthesis at L4-5 with mild facet joint diffusion and minimal disc bulge at L2-3 and L3-4 causing mild neural foraminal stenosis. There was no herniated discs or significant canal stenosis. *PAGEID* 347-48.

The Court has carefully considered plaintiff's objections, as well as the entire record in this action. For the foregoing reasons and for the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit.

*Plaintiff's Objections*, Doc. No. 15, are **OVERRULED.** The *Report and Recommendation*, Doc. No. 14, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner of Social Security is **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

      /s/   Gregory L. Frost
        Gregory L. Frost
   United States District Judge